Mr. Chief Justice Johnson delivered the opinion of the Court. The question of the legal sufficiency of the first count has heretofore been settled by this court and consequently cannot now be raised. See Adams et al. vs. State use Wallace, 1 Eng. 503. The next objection relates to the competency of the judge who presided upon the trial of the cause. He claimed to exercise the functions of a circuit judge under a commission from the Governor of the State, which was predicated upon the eighth section of chapter 47 of the Digest. Two questions are presented : First, was the act referred to authorized by the constitution ; and second, whether the direction or commission under which the judge claimed to act was in pursuance of the statute. The clause in the original constitution is that “ judges of the circuit courts may temporarily exchange circuits or hold courts for each other under such regulations as may be pointed out by law,” and the amendment is that “ The General Assembly shall have power to compel judges of the circuit court to interchange circuits either temporarily or permanently, under such regulations as may be provided by law.” The section of the statute upon which the commission is based, reads thus : “ If a case shall occur in any judicial division as provided for in the first section of this act, which by the constitution and laws neither of the judges therein is competent to decide, such judges shall certify the same to the Governor, specifying in such notice the judge of the circuit for the time being as well as the circuit in which such case or cases have occurred, and it shall be the duty of the Governor forthwith, to direct one of the judges of an adjoining division to exchange for the time being with said judge.” We cannot discover any thing inconsistent with the constitution after a regular and permanent interchange of the judges of two adjoining circuits has been established, in requiring one of those to exchange temporarily for causes specified, with another and different judge. It will be observed that the act in requiring the two judges to certify the cases over which they are incompetent to preside, also requires that they shall specify in such certificate the name of the judge of the circuit for the time being, as well as the circuit in which such case or cases have occurred, and upon the receipt of such certificate it is made the duty of the Governor forthwith to direct one of the judges of an adjoining division to exchange for the time being with said judge. Ii the act had said emphatically, in so many words, that the Governor, under such circumstances, should direct the judge of an adjoining division to change circuits for the entire term, it could not have conveyed the intention of the legislature more clearly than the language adopted. The judges are not required to specify the.county or counties, but on the contrary the circuit in which such pase or cases have occurred. When the judges-are required to specify the j udge of the circuit for the time being, the necessary import of the language is, for the next term of the entiré circuit and not for any particular case or cases pending in that circuit; and as a necessary consequence, the authority of the Governor to, direct an exchange with such judge for the time being is a mere repetition of the previous expression and therefore signifies precisely the same thing. We consider it clear that, under the constitution, no exchange is recognized, whether temporary or permanent, which does not look to and embrace, at the least, one entire circuit. There is nothing in the act in conflict with this construction; but on the contrary it is framed with a direct and exclusive view to such a construction. But admitting the act to be constitutional, the question still .recurs, whether the commission produced, was framed in accordance with it so as to confer the authority claimed by its possession. The commission issued by the Governor, and under which Judge Feild claimed to act in this case, falls far short of the requirements of the statute; and consequently conferred no authority upon him to preside in the case. According to the commission-he had not been informed as to the name of the judge for the time being, or in other words, whose duty it was to preside in the circuit at the next term of the court, nor has he directed Judge Fejild to exchange with such judge for the time being, or which is equivalent to it, for the next term of such circuit. The act did not contemplate an exchange simply for the purpose of trying the cases which might render it expedient and necessary, and thereby to substitute the third in the place of a special judge, who coaid only hold his court or try his cases during the regular term of the judge of the circuit, but, on the contrary, it designed that he should exchange for the whole circuit, and that during such exchange he should possess all the powers and exercise all the authority of the regular judge. Under this construction it is clear that the commission of Judge Feild conferred no authority upon him to preside over and pronounce judgment in this case and that consequently his acts in doing so are voidable and erroneous. But it is contended that inasmuch as Judge Feild had the color of authority, which appeared by his commission, no objection could be made before him so as to defeat the exercise of such office. In support of this position some authorities have been cited and an ingenious and plausible argument based upon them. This court has ruled differently, so lar back as the case of Caldwell vs. Bell & Graham, 3 A. R. 420, and has uniformly adhered to the doctrine of that case down to the present time. (See Rives vs. Pettit et al. 4 A. R. 582, and Caldwell’s Ex. vs. Bell & Graham, 1 Eng. 230.) This point we consider as well settled in this court, and therefore do not feel disposed to disturb it. The plaintiff below should not have been suffered to have the jury sworn to try the truth of the breaches laid in the first count alone whilst the second was standing in the declaration. Pleas had been filed to the first and second counts and issues taken upon them and under such a state of case, the plaintiff, though he might have entered a nolle prosequi as to the second count, could not disregard it so long as it remained in the declaration. It is also objected that the verdict and judgment are not taken in pursuance of the statute. The judgment, though not exactly formal, is believed to be a substantial compliance with the statute. The court below clearly erred in permitting the plaintiff in that court to read an exemplification of the record and proceedings 'described in the declaration. The record set out in the declaration was of the same court and in such case it is not sufficient to read a certified copy, but the original record itself must be produced and inspected. See 2 Wash. R. 215. Burk’s Ex. vs. Trigg’s Ex. 5 Call 549. Anderson vs. Dudley. The parol evidence was not admissible under the state of the pleading. The charge in the first count was that the sherifi’had levied upon property and had failed and neglected to sell the same. Testimony tending to show the kind or value of property belonging to the defendant in execution, certainly could not have had the slightest influence in establishing the allegation that the sheriff had levied and had failed to sell. Upon a full view of this case we are satisfied that thére is error and that consequently the judgment of the court below ought to be reversed. The judgment of the circuit court of Johnson county herein rendered is therefore for the errors aforesaid reversed, annulled and set aside and it is further ordered that the cause be remanded to said circuit court to be proceeded in according to law and not inconsistent with this opinion.